IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| *In re:* | * | |
| | * | Case No. 11-20368 |
| **AUSTIN HYUN SUNG** | * | |
| | * | Chapter 7 |
| | * | |
| **Debtors** | * | |

| | | |
|---|---|---|
| **AUSTIN HYUN SUNG** | * | |
| | * | Adv. Pro. No |
| **Plaintiff** | * | |
| | * | |
| v. | * | |
| | * | |
| **CAPITAL ONE BANK, N.A.** | * | |
| | * | |
| **Defendant** | * | |

**COMPLAINT FOR CONTEMPT OF THE AUTOMATIC STAY AND ORDER OF DISCHARGE**

**INTRODUCTION**

1. This action seeks redress for the unlawful and abusive practices committed by the Defendant in connection with its efforts to collect on a pre-petition debt in violation of the automatic stay and continuing to attempt to collect after the debt was discharged by the debtor's bankruptcy.

2. Defendant's conduct includes authorizing the law firm of Peroutka & Peroutka, P.A. to sue Plaintiff, on a discharged debt.

3. This action is filed to enforce the Order of Discharge duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

**JURISDICTION**

4. Jurisdiction is conferred on this Court pursuant to the provisions of § 1334 of Title 28 of

the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to § 1334 of Title 28 of the United States Code, § 157(b)(2) of Title 28 of the United States Code

6. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to § 1391(b) of Title 28 of the United States Code.

## PARTIES

8. Plaintiff was the Debtor in the underlying Chapter 7 bankruptcy, and resides in Germantown, Maryland.

9. Defendant Capital One, N.A. is a national banking entity who was a creditor in the underlying bankruptcy. Its principal place of business is located at 1680 Capital One Drive, Suite 1400, McLean, Virginia, 22102.

## FACTS

10. On May 17, 2011, the Plaintiff sought protection from his creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland.

11. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of "Capital One, N.A." for an account ending in 5657. A copy of the filed Schedule F is attached as **Exhibit A**.

12. This information was drawn from Plaintiff's credit report, and at the time Plaintiff was given no notice that the debt had been sold to any other identity.

13. Plaintiff Sung's credit report states that notices to be sent to the "Corporate Bankruptcy Department" for Capital One were to be sent to American Infosource.

14. Plaintiff alleges that American InfoSource provides bankruptcy monitoring for Defendant, "deliver[ing] notices [to Capital One] for any accounts that have filed for bankruptcy, along with updates on all relevant bankruptcy events." (http://www.americaninfosource.com/products-services/data-information).

15. On or about May 20, 2011, the Bankruptcy Noticing Center certified that it had notified all scheduled creditors of the bankruptcy. A copy of the BNC Certificate of Mailing is attached as **Exhibit B**.

16. During this time, Plaintiff was repeatedly called by Defendant's employees demanding payment on this account.

17. There were no Objections to Discharge or Adversary Proceedings filed under 11 U.S.C. § 523 to determine the dischargeability of this debt.

18. On August 17, 2011, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiff alleges that this Discharge included the debt to Defendant.

19. On or about August 19, 2011, the Bankruptcy Noticing Center certified that it had notified all scheduled creditors of the Order of Discharge. A copy of the BNC Certificate of Mailing is attached as **Exhibit C**.

20. Plaintiff also alleges that on or before August 19, 2011, Plaintiff's discharge was reported to bankruptcy monitoring services including, but not limited to, BANKO, AACER, and MERLIN.

21. On or about September 15, 2011, Defendant filed a lawsuit in the District Court for Baltimore City to collect on this debt. (Case No. 010100243442011)

22. Defendant submitted an affidavit stating that this debt was valid in order to effectuate its agent's collection of this debt. A copy of this affidavit is attached as **Exhibit D**.

23. On or about September 22, 2011, Defendant's attorneys, Peroutka & Peroutka, sent a letter to Plaintiff informing him that a lawsuit had been filed against him to collect on the above referenced account. A copy of this letter is attached as **Exhibit E**.

*Respondeat Superior Liability*

24. The acts and omissions of Defendant's attorney, Peroutka & Peroutka, were committed within the time and space limits of their agency relationship with its principal, Defendant Capital One.

25. The acts and omissions by Peroutka & Peroutka were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant NCO in collecting debts.

26. By committing these acts and omissions against Plaintiff, Peroutka & Peroutka was motivated to benefit its principal, Defendant Capital One.

27. Defendant Capital One is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for its agent's attempts to collect on a debt that been discharged in Plaintiff's bankruptcy.

## COUNT I. WILLFUL VIOLATION OF THE AUTOMATIC STAY

28. The above paragraphs are re-alleged and incorporated herein by reference.

29. The actions of the Defendant in improperly demanding payment after being notified of the automatic stay constitutes a gross violation of 11 U.S.C. § 362(a)(3).

30. 11 U.S.C. § 362(k) states:

> (1) …an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

31. This Court held in *Ford Motor Credit Co. v. Hemsley (In re Bennett)*, 317 B.R. 313, 316 (Bankr. D. Md. 2004) that a willful violation occurs where Plaintiff demonstrates that (1) the creditor/Defendant knew of the automatic stay and (2) intentionally performed the actions that violated the stay.

32. Here, Defendant was notified by the Clerk of this Court of Plaintiff's bankruptcy and the former's duties thereunder and still proceeded to contact Plaintiff to demand payment

33. Plaintiff has suffered actual damages as a result of these illegal collection communications

by Defendant in the form of anger, anxiety, emotional distress, and frustration, amongst other negative emotions.

34. Defendant's contempt of the Automatic Stay has forced Plaintiff to expend his time and expense to engage counsel to enforce the rights guaranteed to him by the Bankruptcy Code.

35. Since the required elements for civil liability under 11 U.S.C. § 362(k) have been fulfilled, the Defendant is liable to the Plaintiff for actual damages, punitive damages, and legal fees.

**WHEREFORE,** the Plaintiff having set forth his claim for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

C. That the Plaintiff recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

D. That the Plaintiff has such other and further relief as the Court may deem just and proper.

## COUNT II: WILLFUL VIOLATION OF DISCHARGE INJUNCTION

36. The above paragraphs are re-alleged and incorporated herein by reference.

37. The actions of the Defendant in this case, in seeking to collect payment on a discharged debt after notices from both the Court and Plaintiff's counsel, are in violation of the discharge injunction entered in Plaintiffs' bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of this Court's orders.

38. The conduct of the Defendant in this case has substantially frustrated the discharge order entered by this Court and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

39. In order to carry out the provision of the Code and to maintain its integrity, this Court

must impose actual damages, punitive damages and legal fees against the Defendant pursuant to the Court's inherent powers under 11 U.S.C. § 105(a).

40.     In order to protect debtors who have secured a full discharge thereunder this Court must impose sanctions against the Defendant for its repeated misconduct in this case.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

C. That the Plaintiff recovers against the Defendant all reasonable legal fees and expenses incurred by her attorney;

D. That the Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted this 4th day of October, 2012.

_____
**/s/ Robinson S. Rowe**
Robinson S. Rowe, Bar No. 27752
ROWE BARNETT PLLC
5906 Hubbard Dr.
Rockville, MD 20852
TEL: (301) 770-4710 / FAX: (301) 770-4711
e-mail: interoffice@rowepllc.com